```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
_____
                              :
SHAHID ABDUL-MATEEN,          :
                              :           Civil Action No.
              Plaintiff,      :            11-4715 (NLH)
                              :
         v.                   :
                              :
FEDERAL BUREAU                :
OF PRISONS et al.,            :
                              :      MEMORANDUM OPINION AND ORDER
              Defendants.     :
_____:
```

IT APPEARING THAT:

1. Initially, Plaintiff submitted for filing a civil complaint ("Complaint") unaccompanied by his filing fee or an in forma pauperis application. See Docket Entry No. 1.

2. The Court, thus, denied Plaintiff in forma pauperis status without prejudice. See Docket Entry No. 4.

3. In response, Plaintiff submitted his duly executed in forma pauperis form. See Docket Entry No. 5.

4. The Court, therefore, will grant Plaintiff in forma pauperis status and orders the Clerk to file the Complaint. At this juncture, the Court is obligated, under § 1915(e)(2), to screen the Complaint and dismiss those claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant immune from such relief.

5. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of

    Plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions.  See Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  The Court, thus, must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007).  However, to survive dismissal, the Complaint must contain sufficient factual matter which plausibly alleges all required elements of a cause of action.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

6.   Here, Plaintiff asserted claims under the Federal Tort Claims Act ("FTCA").[1]  The FTCA, codified in multiple

---

[1] The Complaint, in addition to asserting FTCA claims, includes references to Bivens (a federal counterpart to Section 1983) and the New Jersey Tort Claim Act ("NJTCA").  However: (1)

sections of Title 28, "operates as a limited waiver of the United States's sovereign immunity." <u>White-Squire v. U.S. Postal Service</u>, 592 F.3d 453, 456 (3d Cir. 2010).  Broadly speaking, under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  An FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury.  See 28 U.S.C. § 1346(b)(providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); <u>CNA v. United States</u>, 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA"); <u>Robinson v. Sherrod</u>, 631 F.3d 839, 841 (7th Cir. 2011) (holding that the FTCA does not provide for equitable relief).  Federal constitutional violations are not cognizable under the FTCA.  See <u>FDIC v. Meyer</u>, 510 U.S. 471, 477-78 (1994).  Rather, the violations cognizable under

---

Plaintiff's negligence-based claims are not cognizable in a <u>Bivens</u> constitutional action; and (2) the NJTCA has no relevance to Plaintiff's claims since they rely on events which involved only federal – rather than state - actors.

the FTCA could be broadly qualified as federal counterparts of a tort claim recognized by common law.

7. A plaintiff suing under the Act must present the Government with notice of the claim, including a "sum certain" demand for monetary damages. See White-Squire, 592 F.3d at 457. Indeed, an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." See § 2675(b). Moreover, "the FTCA clearly bars recovery of punitive damages against the U.S." Michtavi v. United States, 2008 U.S. Dist. LEXIS 107897 (M.D. Pa. Oct. 14, 2008) (citing 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages").

8. Under New Jersey law, a negligence claim requires a plaintiff to establish: (1) that the defendant owed the plaintiff a particular duty relevant to the alleged injury; (2) that defendant somehow breached that duty; and (3) that the defendant's breach proximately caused the alleged injury. See Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 745 (3d Cir. 1990). In determining whether a duty exists, the Supreme Court of New Jersey applies a two-step analysis. See Olivo v. Owens-Illinois, Inc., 186 N.J. 394, 895 A.2d 1143, 1148-49 (N.J. 2006). First, a plaintiff must establish that the defendant could foresee the harm to the

      plaintiff.  See id.  "Once the ability to foresee harm to a particular individual has been established, . . . considerations of fairness and policy govern whether the imposition of a duty is warranted."  Id. at 1148.  "[W]hether imposing a duty is fair involves 'weighing, and balancing several factors — the relationship between the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'"  Id. at 1149 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426 (N.J. 1993)).

9. The Complaint here asserts that, on August 17, 2010, Plaintiff "suffered 2nd degree burns on his chest" and, shortly thereafter, received due medical care.  Docket Entry No. 1, at 5.  While the Complaint is based on the fact of these burns, it is wholly silent as to the circumstances of the burns.  See generally, Docket Entry No. 1.  However, the exhibits attached to the Complaint indicate that, immediately prior to suffering these burns, Plaintiff – acting, apparently, on his own – "filled [a] bottle w[ith] hot water to rinse [it and,] when [he was] shaking [the bottle, the] hot water [bursted out and] burnt [his] chest."  Docket Entry No. 1-1, at 4.  In other words, Plaintiff asserts that he was negligent on his own and appears to base his claim on a theory that the Government failed to protect

him from his own negligent acts.

10. When Plaintiff filed his notice of claim asserting that he was injured as a result of a wrong committed by the United States, his claim was denied with the following explanation:

> You seek compensatory damages in the amount of $20,000.00 for alleged negligence resulting in your suffering a burn while housed at FCI Fairton on August 17, 2010.  After careful review of this claim, [the Government] ha[s] decided not to offer a settlement.  Although you did suffer 2 degree burns and were provided medical care and treatment on a number of occasions, there is no verifiable evidence or support for your claim you suffered your injury as a result of the negligence of a government employee.

Id. at 5.

11. Here, Plaintiff presented a negligence claim to the United States in the amount of $20,000, see id., but his Complaint seeks $800,000 in compensatory damages and $1 in punitive damages.  As to Plaintiff's claims for compensatory damages in excess of $20,000 and his claim for punitive damages, these claims will be stricken as violating the mandate of the FTCA.  Hence, only his claim for $20,000 remains.  However, as for the substance of this claim, Plaintiff's claim must be dismissed for failure to state a claim since nowhere in the Complaint does Plaintiff allege that a federal employee: a) breached a duty due to Plaintiff by acting negligently and b) proximately caused Plaintiff's burns.  See Iqbal, 129 S. Ct. at 1949.

12. When dismissing a case brought by a pro se plaintiff, the Court must decide whether the dismissal will be with prejudice or without prejudice to leave to amend. See Grayson v. Mayview State Hospital, 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). When it is apparent that leave to amend would be futile, such dismissal should be with prejudice. Here, Plaintiff's exhibits from the underlying agency proceedings (and his Complaint's silence as to the circumstances of Plaintiff's burns) strongly militate in favor of dismissal with prejudice. However, out of an abundance of caution, the Court will presume the possibility, however remote, that Plaintiff may be able to cure the deficiencies of his pleading.

IT IS, therefore, on this ___8th___ day of ___June___, 2012,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED": and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis is granted, and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve this Memorandum Opinion and Order upon the United

States Attorney for the District of New Jersey and upon the Warden of Plaintiff's current place of confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the Bureau of Prisons shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

ORDERED that Plaintiff's claims for punitive damages and for compensatory damages in excess of $20,000 are stricken from the

docket; and it is further

ORDERED that the Clerk shall terminate the "Federal Bureau of Prisons et al." as Defendant in this matter; and it is further

ORDERED that the Clerk shall add the "United States of America" as Defendant in this matter; and it is further

ORDERED that the Complaint is dismissed.  Such dismissal is without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that Plaintiff may have this matter reopened in the event Plaintiff files, within thirty days from the date of entry of this Memorandum Opinion and Order, Plaintiff's amended complaint stating, clearly and concisely, the facts underlying Plaintiff's allegations that an agent of the United States breached a duty of care by acting negligently and proximately causing Plaintiff's burns, thus showing, with the degree of plausibility required by <u>Iqbal</u>, the elements of the tort asserted by Plaintiff; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and shall include in the said mailing a blank civil complaint form.

                                               s/ Noel L. Hillman
                                              **NOEL L. HILLMAN, U.S.D.J.**

At Camden, New Jersey